## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN CULBERTSON,       :
      Plaintiff,       :      Civil Action No. 3:14-cv-2044
                        :
    v.               :      (Judge Mariani)
                        :
UNITED STATES OF AMERICA, *et al.*,  :
      Defendants.    :

## MEMORANDUM

## I.   Background

On October 1, 2014, Plaintiff, Steven Culbertson, an inmate formerly confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania, ("USP-Allenwood"),[1] initiated the instant action in the Middle District of Florida pursuant to the Federal Tort Claims Act, ("FTCA"). (Doc. 1). The case was transferred to the Middle District of Pennsylvania on October 22, 2014. (Docs. 4-6).

The named Defendants are David J. Ball, M.D., a private orthopedic surgeon, Brian Buschman, M.D., E. Santos, D.O., Jennifer Holtzapple, Practitioner Assistant, and Donna Zickefoose, Warden at USP-Allenwood. (Doc. 1). The complaint alleges professional negligence and medical malpractice by the Defendants regarding the treatment of his left ankle. (*Id.* at pp. 6-8). Plaintiff alleges that he received inadequate medical care while incarcerated at USP-Allenwood, ultimately resulting in the amputation of his left leg. (*Id.*).

---

[1]   Plaintiff is currently confined at the United States Penitentiary in Coleman, Florida.

On January 30, 2015, Defendant Dr. Ball filed a motion to dismiss based on

Plaintiff's failure to file a certificate of merit, ("COM"), as required by Pennsylvania law.

(Doc. 21). In response to Defendant Dr. Ball's motion to dismiss, Plaintiff filed a motion for

extension of time to file a COM. (Doc. 25). On March 4, 2015, Defendant United States of

America likewise filed a motion to dismiss based on Plaintiff's failure to file a COM. (Doc.

27). Thereafter, on March 24, 2015, Plaintiff filed a motion for leave to amend his

complaint. (Doc. 30).

For the reasons set forth below, Plaintiff's motion for extension of time to file a COM

will be granted, and Plaintiff's motion for leave to file an amended complaint will be denied.

## II.    Motion for Extension of Time to File a Certificate of Merit

Defendants seek to dismiss Plaintiff's complaint on the basis that he failed to file a

certificate of merit as required by Pennsylvania Rule of Civil Procedure 1042.3. (Docs. 22,

28, 34) (quoting PA. R. CIV. P. 1042.3(a)). In response to Defendant Dr. Ball's motion to

dismiss, Plaintiff filed a motion for extension of time to file a COM. (Doc. 25). Therein, he

contends that he does not have an attorney to assist him in obtaining the requisite COM.

(*Id.*).

Pennsylvania Rule of Civil Procedure 1042.3 requires an unrepresented plaintiff to

file a certificate of merit within sixty days of filing the complaint. "It is well-recognized that to

pursue a medical negligence/malpractice claim in the federal courts in Pennsylvania, a

2

plaintiff must file a COM pursuant to [Rule] 1042.3(a)(1)." *Michtavi v. Scism*, 2013 U.S.

Dist. LEXIS 21580, \*10 (M.D. Pa. 2013) (Jones, J.) (dismissing the plaintiff's "FTCA claims

for medical negligence/malpractice for failure to file a COM"), *citing Iwanejko v. Cohen &*

*Grigsby, P.C.*, 249 Fed. Appx. 938, 944 (3d Cir. 2007).  "If a plaintiff fails to file the required

certificate within sixty (60) days of filing the complaint, the proper procedure in federal

practice is to file a motion ... to dismiss...." *Paige v. Holtzapple*, 2009 U.S. Dist. LEXIS

73624, \*7 (M.D. Pa. 2009) (Conner, J.); *Weaver v. Univ. of Pittsburgh Med. Ctr.*, 2008 U.S.

Dist. LEXIS 57988 (W.D. Pa. 2008), \*4, \*12 (stating that the COM requirement of Rule

1042.3 applies to cases in federal court and is properly the subject of a motion to dismiss).

Pennsylvania Rule of Civil Procedure 1042.3 provides, in pertinent part:

> (a)  In any action based upon an allegation that a licensed professional
> deviated from an acceptable professional standard, the attorney for
> the plaintiff, or the plaintiff if not represented, shall file with the
> complaint or within sixty days after the filing of the complaint, a
> certificate of merit signed by the attorney or party that either
>
>> (1) an appropriate licensed professional has supplied a
>> written statement that there exists a reasonable
>> probability that the care, skill or knowledge exercised or
>> exhibited in the treatment, practice or work that is the
>> subject of the complaint, fell outside acceptable
>> professional standards and that such conduct was a
>> cause in bringing about the harm, or
>>
>> (2) the claim that the defendant deviated from an acceptable
>> professional standard is based solely on allegations that other
>> licensed professionals for whom this defendant is responsible
>> deviated from an acceptable professional standard, or

3

(3) expert testimony of an appropriate licensed
professional is unnecessary for prosecution of the claim.

* * *

(d)  The court, upon good cause shown, shall extend the time for filing a
certificate of merit for a period not to exceed sixty days.  A motion to extend
the time for filing a certificate of merit must be filed by the thirtieth day after
the filing of a notice of intention to enter judgment of non pros on a
professional liability claim under Rule 1042.6(a) or on or before the expiration
of the extended time where a court has granted a motion to extend the time to
file a certificate of merit, whichever is greater.  The filing of a motion to extend
tolls the time period within which a certificate of merit must be filed until the
court rules upon the motion.

PA. R. CIV. P. 1042.3(a), (d).  The purpose of the required certificate of merit is to "assure

that malpractice claims for which there is no expert support will be terminated at an early

stage in the proceedings." *Chamberlain v. Giampapa*, 210 F.3d 154, 160 (3d Cir. 2000).

Rule 1042.3(a) applies to both *pro se* and represented plaintiffs and constitutes a

rule of substantive state law with which plaintiffs in federal court must comply. *See*

*Iwanejko*, 249 Fed. Appx. at 944 (holding that district courts must "appl[y] Rule 1042.3 as

substantive state law"); *Michtavi*, 2013 U.S. Dist. LEXIS 21580, at *9-10 (rejecting the

plaintiff's argument that "because he is a *pro se* incarcerated litigant, he has no access to

an independent medical expert to provide a COM for him"), *citing Hodge v. United States*,

2009 U.S. Dist. LEXIS 78146 (M.D. Pa. 2009); *Maruca v. Hynick*, 2007 U.S. Dist. LEXIS

13302 (M.D. Pa. 2007) (noting that Rule 1042.3(a) expressly requires that a *pro se* plaintiff

file a COM).  "Failure to file a certificate of merit under Rule 1042.3(a) or a motion for an

4

extension under Rule 1042.3(d) is fatal unless the plaintiff demonstrates that his failure to

comply is justified by a 'reasonable excuse.'" *Cashwell v. United States*, 2009 U.S. Dist.

LEXIS 81104, *14 (M.D. Pa. 2009) (Rambo, J.) (citing *Perez v. Griffin*, 304 Fed. Appx. 72,

74 (3d Cir. 2008)). Pennsylvania law allows a court to "consider two equitable exceptions ...

[1] whether the plaintiff has substantially complied with Rule 1042.3 and [2] whether the

plaintiff has offered a reasonable explanation or legitimate excuse for failure to comply."

*Brito v. United States*, 2010 U.S. Dist. LEXIS 23640, *10 (M.D. Pa. 2010) (Munley, J.),

*quoting Ramos v. Quien*, 631 F. Supp. 2d 601, 611 (E.D. Pa. 2008) (citing *Womer v.*

*Hilliker*, 908 A.2d 269, 276, 279 (Pa. 2006)).

A review of the complaint reveals that Plaintiff's claims sound in medical malpractice

and sets forth allegations against licensed professionals. (Doc. 1). Plaintiff makes repeated

references to the inadequacy of Defendants' medical decisions indicating a clear intent to

bring a medical malpractice claim. (*Id.*). *See Santee v. United States of America*, Civil No.

3:07-2207 (M.D. Pa. May 16, 2012) (Caputo, J.) (citing *Iwanejko*, 249 Fed. Appx. at 944) ("A

complaint 'sounds in malpractice' where 'the conduct at issue constituted an integral part of

the process of rendering medical treatment.'"), *quoting Ditch v. Waynesboro Hosp.*, 917

A.2d 317, 323 (Pa. Super. 2007)). This Court finds that Plaintiff's medical claims are not

within the knowledge of lay persons and a COM is required in the instant action. *See Pitera*

*v. United States*, 2010 U.S. Dist. LEXIS 58255, *21 (M.D. Pa. 2010) (Blewitt, M.J.)

(concluding that the medical malpractice claims are not within the knowledge of lay persons

thereby requiring expert testimony to assist the fact finder), *complaint dismissed by*, 2010

U.S. Dist. LEXIS 58254 (Caldwell, J.); *Paige*, 2009 U.S. Dist. LEXIS 73624 at *10-11

("Where the conduct at issue constituted an integral part of rendering medical treatment,

and involved diagnosis, care, and treatment by a licensed professional, ...the action is one

that is characterized as a professional negligence action requiring expert testimony.").

It has been more than a seven months since the complaint was filed and Plaintiff has

made no attempt to file a COM. *See Maruca*, 2007 U.S. Dist. LEXIS 13302 at *6-7

(dismissing the medical negligence claims because approximately ten (10) months passed

since the plaintiff filed an amended complaint and had yet to file a COM). Defendant Dr.

Ball's motion to dismiss was filed on January 30, 2015, raising Plaintiff's failure to file a

COM. (Docs. 21, 22). The prison officials' motion to dismiss was filed on March 4, 2015,

also raising Plaintiff's failure to file a COM. (Docs. 27, 28). On February 2, 2015, Plaintiff

filed a motion for extension of time to file a COM. (Doc. 25). It is undisputed that Plaintiff

did not timely file a certificate pursuant to Rule 1042.3(a). However, the February 2, 2015

motion for extension of time to file a COM was filed within thirty (30) days after Defendant

Dr. Ball's motion to dismiss.

In *Paige*, the plaintiff filed a motion for leave to file a COM in response to defendants'

motion to dismiss. *Paige*, 2009 U.S. Dist. LEXIS 73624, at *9. The Court denied the motion

6

to dismiss because the plaintiff sought leave to file a COM and attached a proposed COM to his motion. *Id.* at \*10, *citing Scaramuzza v. Sciolla*, 345 F. Supp. 2d 508, 510-12 (E.D. Pa. 2004) (holding that although it "could dismiss plaintiff's complaint without prejudice for failure to file a certificate of merit, now that plaintiff has filed a valid certificate of merit, dismissal without prejudice with leave to amend is unnecessary and would only require paper shuffling and undue delay").

In the instant action, although Plaintiff has not yet filed a COM, he has filed a motion for extension of time within thirty (30) days of Defendant Dr. Ball's motion to dismiss. Thus, the motion for extension of time will be granted. Failure to provide the Court with a certificate of merit as required by Rule 1042.3 will result in the dismissal of any malpractice claims.

## III.   Motion to Amend the Complaint

Once a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a). The granting of a motion for leave to amend is within the sound discretion of the court. *See Foman v. Davis*, 371 U.S. 182 (1962). A court may deny a motion for leave to amend if "(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins.*

7

*Co.*, 352 F.3d 107, 116 (3d Cir. 2003). Mere delay will not warrant the denial of a motion for leave to amend "absent a concomitant showing of undue prejudice or bad faith."

*Zygmuntowicz v. Hospitality Invs., Inc.*, 151 F.R.D. 53, 55 (E.D. Pa. 1993). Prejudice has been defined as "undue difficulty in prosecuting a position as a result of a change in tactics or theories." *Id.* Amendment of the complaint is futile if the amendment would not cure the deficiency in the original complaint or if the amended complaint "would not withstand a motion to dismiss." *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937 (1983).

On March 24, 2015, Plaintiff filed a motion for leave to amend the complaint wherein he asserts that this matter is an exception to the requirement of filing a certificate of merit. (Doc. 30). Plaintiff appears to argue that he should be permitted to proceed without a COM. (*Id.*). Plaintiff states that "this was no 'simple matter' since it involved the loss of his leg and was a serious medical need, it was in fact so obvious that even a lay-person could see the need for immediate medical attention." (*Id.* at p. 2).

In *Grundowski v. United States*, 2012 WL 1721781 (M.D. Pa. 2012) (Caputo, J.), the Court set forth the proper inquiry courts should make when determining whether a claim is one of ordinary negligence, rather than medical malpractice, as follows:

> In conducting this inquiry, "a court must ask two fundamental questions in determining whether a claim sounds in ordinary negligence or medical malpractice: (1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises

8

> questions of medical judgment beyond the realm of common knowledge and experience.". . . When evidence is predicated "upon facts constituting medical treatment . . . involv[ing] diagnosis, care, and treatment by licensed professionals," the evidence "must be characterized as [evidence of] professional negligence." . . . As noted by the Third Circuit, "a complaint 'sounds in malpractice' where 'the conduct at issue constituted an integral part of the process of rendering medical treatment.' "

*Id.* at *6 (citations omitted).  Applying this inquiry to the instant case, Plaintiff's claim is that his medical care providers failed to properly treat his ankle, and he disagrees with the treatment he received while incarcerated at USP-Allenwood.  This is clearly "an integral part of the process of rendering medical treatment" which involves professional medical judgment which is beyond the realm of the lay person.  It cannot be said that a decision of whether, when or what type of treatment should have been provided to Plaintiff "is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons." *Hightower-Warren v. Silk*, 698 A.2d 52, 54 n.1 (Pa. 1997).  Accordingly, a certificate of merit is required for this professional negligence FTCA claim.

At this juncture, granting leave to amend would be futile because Plaintiff has not yet filed the requisite certificate of merit.  *See Massarsky*, 706 F.2d at 125 (leave to amend may be denied where amendment would be futile).  Therefore, the motion to amend will be denied.

9

An appropriate Order follows.

Date:  May _13_, 2015

Robert D. Mariani
United States District Judge