**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEVEN CULBERTSON, | : | |
| Plaintiff, | : | Civil Action No. 3:14-cv-2044 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

## MEMORANDUM

### I.   Introduction and Procedural History

On October 1, 2014, Plaintiff, Steven Culbertson, an inmate formerly confined at the

Allenwood United States Penitentiary, in White Deer, Pennsylvania, ("USP-Allenwood"),[1]

initiated the above-captioned action pursuant to the Federal Tort Claims Act, ("FTCA").

(Doc. 1). Defendants are the United States of America, and the following USP-Allenwood

Federal Bureau of Prison's Medical Health Service and Staff Employees: Donna

Zickefoose, Warden; Brian Buschman, M.D.; E. Santos, D.O.; and, Jennifer Holtzapple,

Practitioner Assistant. Also named as a Defendant is David J. Ball, M.D., a private

orthopedic surgeon.

On January 30, 2015, Defendant Ball filed a motion to dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(6), and a brief in support thereof. (Docs. 21, 22). In response

to Defendant Ball's motion to dismiss, Plaintiff filed a motion for extension of time to file a

---

[1]   Plaintiff is currently confined at the United States Penitentiary, Coleman, Florida ("USP-Coleman").

certificate of merit, ("COM").  (Doc. 25).  By Order dated May 13, 2015, the Court granted

Plaintiff's motion for extension of time.  (Docs. 35, 36).  To date, Plaintiff has failed to file a

COM.

On March 4, 2015, Defendant United States of America filed a motion to dismiss the

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as a supporting

brief.  (Docs. 27, 28).  On March 24, 2015, in response to Defendant United States' motion

to dismiss, Plaintiff filed a motion for leave to amend his complaint.  (Doc. 30).  The motion

for leave to amend was denied by Order of May 13, 2015.  (Docs. 35, 36).

Despite filing responses to Defendants' motions, Plaintiff failed to file briefs in

opposition to the motions to dismiss.  Accordingly, the motions will be deemed ripe for

disposition and, for the reasons set forth below, will be granted.

## II.  Standard of Review

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The plaintiff must

aver "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct.

1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic

2

recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the

3

reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court

must permit a curative amendment unless such an amendment would be inequitable or

futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a
> defendant moves to dismiss it, unless the district court finds that amendment
> would be inequitable or futile, the court must inform the plaintiff that he or she
> has leave to amend the complaint within a set period of time.

*Id.*

## III.   **Allegations in the Complaint**

Plaintiff alleges that in November 2012, while confined at USP-Allenwood, he

suffered from excruciating pain in his left ankle.  (Doc. 1, p. 6).  Plaintiff sought medical

treatment and was examined by Defendant Ball on December 11, 2012.  (*Id.*).  Plaintiff

alleges that Defendant Ball recommended an "ankle fusion ('Arthrodesis')".  (*Id.*).  Plaintiff

agreed to undergo the procedure, which was performed by Defendant Ball on April 19, 2013

at The Bloomsburg Hospital.  (*Id.*).  Subsequent to the procedure, Plaintiff alleges that his

ankle fused into an abnormal position and was pointing in a downward angle.  (*Id.*).  Plaintiff

further alleges that he developed an infection in his ankle and sought treatment by prison

medical staff.  (*Id.*).  Plaintiff claims that he was treated by Defendants Holtzapple and

Buschman on May 8, 2013, who removed his stitches and prescribed an antibiotic for ten

(10) days.  (*Id.*).

4

Plaintiff states that during the next five (5) to six (6) months, the infection continued and he was treated with antibiotics and topical medication. (*Id.*). He alleges that the infection ultimately spread to his bones. (*Id.*). Plaintiff further alleges that the steel in his ankle began to protrude out of his skin. (*Id.* at p. 7). He claims that Defendants Ball, Buschman, and Holtzapple recommended amputation. (*Id.*). He alleges that Defendant Santos denied the amputation, pending an evaluation and treatment by an infectious disease specialist, which Plaintiff claims was not provided. (*Id.*). Plaintiff reportedly made verbal and written requests to Defendants Santos and Zickefoose for further treatment, to no avail. (*Id.*).

Plaintiff alleges that he was transported to The Bloomsburg Hospital and underwent an urgent amputation of his lower left leg on October 4, 2013. (*Id.*); *See also* (Doc. 11; Doc. 13, p. 2). As a result of the surgery, Plaintiff avers that he has a "residual limb on the left leg, and walker to move from one place to another". (Doc. 1, p. 7).

Thereafter, Plaintiff was transferred from USP-Allenwood to USP-Coleman. (*Id.*). In June 2014, Plaintiff received a wheelchair and temporary prosthetic leg. (*Id.*). Plaintiff claims that although the wheelchair and temporary prosthetic leg improved his quality of life, he is limited in certain respects, such as exercising and climbing stairs. (*Id.*).

For relief, Plaintiff seeks monetary damages, as well as costs, based on the "combined negligence" of Defendants. (*Id.* at p. 8).

5

## IV.   Discussion

As a preliminary matter, the Court notes that Plaintiff filed this action under 28 U.S.C.

§ 1346 and the Federal Tort Claims Act. *See* (Doc. 1). It is clear from the face of the

complaint that Plaintiff has lodged a singular cause of action under the FTCA, as he

specifically states that "this is not a civil right[s] complaint". (Doc. 1, p. 1). In an action

brought under the FTCA, the United States of America is the only proper defendant. *See*

*Taylor v. USP-Allenwood*, 2014 WL 671469, *6 (M.D. Pa. 2014) ("The only proper

defendant in an FTCA suit is the United States itself... Therefore, when inmates bring

actions against some individual or entity other than the United States for negligence under

the FTCA the proper course to follow is to ... dismiss the individual defendants") (citations

omitted). Accordingly, the Court will dismiss the individually named Defendants.

Plaintiff asserts a claim under the FTCA that Defendants were negligent in the

treatment of his ankle, resulting in infection and subsequent amputation of his lower left leg.

In the instant motions to dismiss, Defendants argue, *inter alia*, that Plaintiff's FTCA claim

should be dismissed because he failed to file a certificate of merit. *See* (Docs. 21, 27).[2]

Pennsylvania Rule of Civil Procedure 1042.3 requires that a plaintiff file a COM from a

---

[2]   Although not a proper defendant in this FTCA action, Defendant Ball has moved to dismiss the
claims set forth against him.

medical expert with respect to a professional negligence claim against the United States.[3]

In *Boyd v. United States*, 2006 WL 2828843, * 6 (M.D. Pa. 2006) (Vanaskie, J.), this

Court stated:

> Under Pennsylvania law, a party filing a professional liability claim must file a
> certificate of merit in which a professional licensed in the same field supplies
> a written statement that a reasonable probability exists that the actions of the
> defendant fell outside acceptable professional standards and that the actions
> were the cause of harm suffered by the plaintiff. *See* PA. R. CIV. P.
> 1042.3(a)(1). If a Plaintiff fails to file the required certificate within sixty (60)
> days of filing the complaint, Defendants may file a praecipe for entry of a
> judgment of *non pros*. *See* PA. R. CIV. P. 1042.6.

*Id.*; *See also Lopez v. Brady*, 2008 WL 4415585 (M.D. Pa. 2008) (McClure, J.).

The Third Circuit Court of Appeals has affirmed this Court's finding that the COM

requirement is a substantive rule of state law that applies in federal court actions. *Perez v.*

*Griffin*, 304 Fed. Appx. 72, 74 (3d Cir. 2008) (holding that Rule 1042.3 is a substantive state

law that federal district courts must apply).

In the instant case, Plaintiff was required to file a COM producing expert testimony

that his medical treatment deviated from acceptable medical standards, and to show that

the deviation was the proximate cause of his alleged injury, infection, and amputation.

Plaintiff filed his complaint on October 1, 2014. (Doc. 1). Thus, he was required to file a

---

[3]     A COM must be filed for a Pennsylvania state professional negligence claim or the claim will
be dismissed. *Velazquez v. UPMC Bedford Memorial Hospital*, 328 F.Supp.2d 549, 558 (W.D. Pa. 2004).
This Court has found that the COM requirement of Rule 1042.3 applies to cases filed in federal court, and
also that it applies to incarcerated and *pro se* plaintiffs like Culbertson. *See Perez v. Griffin*, 2008 WL
2383072, * 3 (M.D. Pa. 2008) (Conner, J.), *aff'd.*, 304 Fed. Appx. 72 (3d Cir. 2008).

COM on or before December 1, 2014. Plaintiff failed to do so. Therefore, on December 29, 2014, Defendant Ball filed a notice of intent to take a *non pros* for failure to file a COM pursuant to Pennsylvania Rule of Civil Procedure 1042.3, notifying Plaintiff that he must file a COM within thirty (30) days. The undisputed record reflects that Plaintiff failed to file the requisite COM, despite being granted an extension of time in which to do so. *See* (Docs. 25, 36).

Pursuant to the Third Circuit's holding in *Perez*, unless Plaintiff can show a reasonable explanation or legitimate excuse for his failure to timely file a COM, his FTCA medical malpractice claim is subject to dismissal without prejudice. In *Perez*, the Court observed that "failure to comply with Rule 1042.3 is not fatal to claims of professional liability if the Plaintiff can show 'reasonable excuse' for the noncompliance." *Perez*, 304 Fed. Appx. at 74 (quoting *Womer v. Hilliker*, 908 A.2d 269, 279-80 (Pa. 2006)). "Under Pennsylvania law, a court may consider two equitable exceptions when a plaintiff has improperly failed to file a COM: whether the plaintiff has substantially complied with Rule 1042.3 and whether the plaintiff has offered a reasonable explanation or legitimate excuse for failure to comply." *Ramos v. Quien*, 631 F. Supp. 2d 601, 611 (E.D. Pa. 2008) (citing *Womer*, 908 A.2d at 276, 279).

In the instant case, Plaintiff failed to present a "reasonable explanation or legitimate excuse for non-compliance" with the COM requirement. As stated, Plaintiff did not file briefs

in opposition to the motions to dismiss. In other court filings, Plaintiff argues that his
medical claims are of ordinary negligence, rather than professional negligence; i.e., that his
claims are within the knowledge of lay persons. However, this argument is contradicted by
the pleadings. (Doc. 37). The complaint alleges that Defendants were negligent in the
treatment of Plaintiff's ankle and failed to aggressively treat him, resulting in infection and
amputation of his lower left leg. (Doc. 1). The allegations in the complaint are based on the
medical treatment Plaintiff received at USP-Allenwood and he relies on medical records to
support his arguments. Further, Plaintiff acknowledges that he filed an administrative
remedy related to the injuries and damages caused by the negligence and "medical mal[]
practice" of Defendants. (*Id.* at p. 7).

In *Santee v. United States*, the inmate plaintiff filed an action pursuant to the FTCA,
and averred that "the care he received from prison medical staff for his diabetes condition
and resultant wounds was negligent and that as a result, he had to have multiple
amputations of his lower right extremity, rendering him disabled." *Santee*, 2008 WL
4426088, at *1 (M.D. Pa. May 8, 2008) (Report and Recommendation). The court
determined that plaintiff's allegations constituted a professional malpractice claim requiring
a COM and dismissed the allegations of professional negligence for failure to file a COM as
required by Rule 1042.3. *Santee*, 2008 WL 4426088 (M.D. Pa. September 30, 2008)
(Memorandum and Order); *see also Grundowski v. United States*, 2012 WL 1721781, *3

9

(M.D. Pa. 2012).

Similarly, Rule 1042.3 is applicable to the current claims under the FTCA. This Court finds that Plaintiff's claims are beyond the realm of the lay person. A qualified medical professional is required to review and explain Plaintiff's medical conditions and offer a professional medical opinion on the appropriate course of treatment. *See Pitera v. United States*, 2010 U.S. Dist. LEXIS 58255, \*21 (M.D. Pa. 2010) (Blewitt, M.J.) (concluding that the medical malpractice claims are not within the knowledge of lay persons thereby requiring expert testimony to assist the fact finder), *complaint dismissed by*, 2010 U.S. Dist. LEXIS 58254 (Caldwell, J.); *Paige v. Holtzapple*, 2009 U.S. Dist. LEXIS 73624, \*10-11 (M.D. Pa. 2009) (Conner, J.) ("Where the conduct at issue constituted an integral part of rendering medical treatment, and involved diagnosis, care, and treatment by a licensed professional, ...the action is one that is characterized as a professional negligence action requiring expert testimony."). Additionally, as stated *supra*, note three, Rule 1042.3 "applies equally to both *pro se* and represented Plaintiffs." *Michtavi v. Scism*, 2013 U.S. Dist. LEXIS 21580, \*9-10 (M.D. Pa. 2013) (rejecting the plaintiff's argument that "because he is a *pro se* incarcerated litigant, he has no access to an independent medical expert to provide a COM for him"), *citing Hodge v. United States*, 2009 U.S. Dist. LEXIS 78146 (M.D. Pa. 2009), *aff'd*, 372 Fed. Appx. 264 (2010); *Maruca v. Hynick*, 2007 U.S. Dist. LEXIS 13302 (M.D. Pa. 2007) (noting that Rule 1042.3(a) expressly requires that a *pro se* plaintiff file a COM).

Moreover, in a previous filing, Plaintiff acknowledges that "Defendant's counsel of record is completely correct in his Brief in Support of the United States['] Motion to Dismiss...: 'The crux of the matter turns on 'questions involving medical judg[]ment.'... As such, Culbertson is required to present expert testimony in accordance with Pennsylvania Rule 1042.3 in order to present his medical claims.'" (Doc. 37, p. 3). To the extent that Plaintiff asks this Court to allow his medical records and a medical notation from Defendant Buschman serve as a COM, these documents do not satisfy the requirements of Rule 1042.3(a). *Id.*; *See also Hodge*, 2009 U.S. Dist. LEXIS 78146 at *19 (rejecting the *pro se* plaintiff's attempt to use excerpts from a medical book as a COM). Additionally, it has been more than nine (9) months since the complaint was filed and Plaintiff has yet to file a COM. *See Maruca*, 2007 U.S. Dist. LEXIS 13302 at *6-7 (dismissing the medical negligence claims because approximately ten (10) months passed since the plaintiff filed an amended complaint and had not filed a COM). Consequently, Plaintiff's FTCA claim will be dismissed for failure to file a COM.

## V.    Conclusion

The only proper defendant in an FTCA suit is the United States itself, *see* 28 U.S.C. § 2671 *et seq.*, therefore the individually named Defendants will be dismissed. Plaintiff's FTCA claim sounds in medical malpractice, not ordinary negligence, and Plaintiff's failure to file a certificate of merit in compliance with Pennsylvania Rule of Civil Procedure 1042.3(a)

11

warrants its dismissal.

Defendants' motions to dismiss, (Docs. 21, 27), will be granted.

A separate Order will be issued.

Dated: July 27, 2015

Robert D. Mariani
United States District Judge